IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02940-BNB

JACKIE L. FLOWERS,

    Applicant,

v.

BRIGHAM SLONE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Jackie L. Flowers, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Flowers has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He challenges the validity of his convictions and sentences imposed in Jefferson County District Court Case No. 02cr56. Mr. Flowers has paid the $5.00 filing fee.

    In a December 12, 2011 Order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On December 30, 2011, Respondents submitted a pre-answer response. Mr. Flowers filed a reply on January 13, 2012.

The Court must construe liberally the Application filed by Mr. Flowers because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Application as time-barred.

**I. Background and State Court Proceedings**

Mr. Flowers was convicted by a jury of distribution of cocaine, conspiracy to distribute cocaine, and possession of cocaine in Jefferson County District Court Case No. 02cr56. The state trial court then adjudicated Applicant a habitual criminal. On May 14, 2003, Mr. Flowers was sentenced to an aggregate prison term of thirty-two years in the DOC. (Pre-Answer Resp., Ex. F at 2).

Applicant's convictions were affirmed on direct appeal in *People v. Flowers*, 128 P.3d 285 (Colo. App. 2005). Mr. Flowers filed a petition for certiorari review with the Colorado Supreme Court, which was denied on February 6, 2006. (Pre-Answer Resp., Ex. D).

Mr. Flowers filed *pro se* a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c) on October 14, 2008. (*Id.*, Ex. F, at 1). The trial court denied the motion on October 21, 2008. (*Id.*) The Colorado Court of Appeals affirmed the trial court's order in *People v. Flowers*, No. 08CA2575 (Colo. App. Dec. 16, 2010) (unpublished). (Pre-Answer Resp. Ex. E). The Colorado Supreme Court denied Applicant's request for certiorari review on August 15, 2011. (*Id.*, Ex. F, at 1).

Mr. Flowers initiated this action on November 10, 2011.  He asserts four claims for relief in his § 2254 Application.  Respondents argue that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Respondents further contend that Mr. Flowers failed to exhaust state remedies for his first and part of his third claim, and that his second claim is not cognizable in this § 2254 proceeding.  Respondents also maintain that the unexhausted claims are procedurally barred from federal habeas review.

**I!.  AEDPA Time Bar**

Respondents argue that the Application is action is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment
> or claim is pending shall not be counted toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d).

Mr. Flowers' conviction became final on May 7, 2006, ninety days after the Colorado Supreme Court denied his petition for certiorari review on direct appeal, when the time for seeking review in the United States Supreme Court expired.  See Sup.Ct. R. 13(1); *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).  Accordingly, the statute began to run on May 8, 2006. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003) (one-year limitation period commences the day after expiration of the time for seeking review).

The Court must next determine whether Mr. Flowers filed any state post-conviction motion that tolled the one-year limitation period.  Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required
> filing fees; (3) the obtaining of any necessary judicial authorizations that
> are conditions precedent to filing, such as satisfying any filing
> preconditions that may have been imposed on an abusive filer; and (4)
> other conditions precedent that the state may impose upon the filing of a
> post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law.  See *Gibson*, 232 F.3d at 806.  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

Mr. Flowers did not file a state post-conviction motion until October 14, 2008, more than two years after the one-year limitation period expired.  Post-conviction motions filed after passage of the limitations period are not relevant to the timeliness of a petitioner's federal application.  See *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001).  Accordingly, Mr. Flowers' Application is time-barred unless equitable tolling applies.

### III.  Equitable Tolling

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances."  *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).  Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial

remedies but files a defective pleading within the statutory period. *See Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir.2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Flowers bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Flowers argues in his Reply that he is entitled to equitable tolling because he was "misled" by counsel, which prevented him from filing his federal Application within the one-year period. (Reply, at 5). Specifically, he alleges that his court-appointed counsel on direct appeal failed to advise him that his federal Application was subject to a statutory one-year limitation period, and, therefore, that he should promptly file his state post-conviction motion once his direct appeal concluded. (*Id.* at 4-5). Mr. Flowers further alleges that his access to the prison library during the relevant time period was "poor and inconvenient." (*Id.* at 5). And, finally, Applicant argues that his *pro se* status should excuse his untimely filing. (*Id.*)

Mr. Flowers fails to demonstrate that extraordinary circumstances prevented him from filing his § 2254 Application within the one-year limitations period. Although Applicant asserts that he was "misled" by his direct appeal counsel, the letters that he attaches to support this claim demonstrate otherwise. Mr. Flowers' direct appeal

6

counsel advised him in writing in January 2004 that if he wished to raise a claim of ineffective assistance of trial counsel, he must present the claim to the trial court in a Colo. Crim. P. Rule 35(c) motion after his direct appeal was concluded. (January 21, 2004 letter from Marcia Wade to Jackie Flowers, attached to Reply).  Counsel further advised Mr. Flowers that "[y]ou can seek habeas relief in federal court after your direct appeal and your post-conviction challenges (i.e., Rule 35 motions) are completed in state court . . . ." (*Id.*)  In a May 9, 2006 letter to the Colorado Supreme Court Attorney Regulation Counsel, Ms. Wade explained that she informed Mr. Flowers that once his direct appeal was concluded, she would no longer represent him and that she was not authorized under her ADC appointment to represent him in a collateral attack on his conviction.  (May 9, 2006 letter from Marcia Wade to Colorado Supreme Court, attached to Reply).  A copy of the May 9, 2006 letter was sent to Mr. Flowers.  (*Id.*)

   Mr. Flowers does not deny knowledge of the statements made by Ms. Wade in her letters.  Ms. Wade did not represent Mr. Flowers in his state post-conviction proceeding, nor did she mislead him into believing that she would so represent him or that she would represent him in a federal habeas proceeding.  Furthermore, Mr. Flowers does not allege any specific facts to show that he was actively misled by his attorney about the statutory limitations period applicable to his federal Application.  Direct appeal counsel was under no obligation to advise Mr. Flowers regarding the federal statutory requirement.  Even if counsel arguably should have advised Mr. Flowers about the AEDPA one-year limitation period, Mr. Flowers did not act diligently in pursuing his

federal rights. In particular, Mr. Flowers fails to explain why he waited two years to file his state post-conviction motion after his direct appeal concluded when he knew that his direct appeal counsel was not going to represent him in a state post-conviction proceeding. Mr. Flowers' *pro se* status and ignorance of his legal obligation to file a timely § 2254 Application do not justify equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Finally, Mr. Flowers' assertions that his access to the prison law library was "poor and inconvenient" are vague and fail to establish that he was prevented by circumstances beyond his control from filing his § 2254 Application within the one-year deadline. *See Miller,* 141 at 978 (dismissing petitioner's equitable-tolling claim because he "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Instead, Mr. Flowers' allegations demonstrate that he failed to act with reasonable diligence to pursue his federal remedy, and, therefore, he is ineligible for equitable tolling.

## IV. Conclusion

Having reviewed Mr. Flowers' allegations, the Court finds that he has failed to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the Application is clearly untimely, the Court need not reach Respondents' arguments that Mr. Flowers' second claim is not cognizable in this § 2254 proceeding and that claim one and part of claim three are barred under the procedural default doctrine.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Flowers has not made a substantial showing that jurists of reason would find it debatable whether the procedural ruling is correct and whether the underlying claim has constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  2nd  day of   February  , 2012.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court